IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALED MALLOUH SHAYE ALGAHTANI, )<br>by and through his Next Friend SHABIB )<br>MALLOUH SHAYE ALGAHTANI, )<br>    Riyadh, Saudi Arabia )<br>)<br>*Petitioners*, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, DONALD RUMSFELD, )<br>REAR ADM. HARRY B. HARRIS, JR., )<br>ARMY COL. WADE F. DAVIS, )<br>)<br>*Respondents*. ) | No. 1:06-cv-01769 RCL |

**PETITIONERS' REPLY IN SUPPORT OF THEIR MOTION
FOR ENTRY OF PROTECTIVE ORDERS**

Petitioner Khaled Mallouh Shaye Algahtani, by and through his next friend, Shabib Mallouh Shaye Algahtani and their counsel, respectfully submit this reply in support of their Motion for Entry of Protective Order.

**INTRODUCTION**

Petitioners' counsel believes that the United States government has detained Petitioner Khaled Algahtani at Guantanamo Bay, Cuba for approximately four years without access to counsel. At significant expense, Petitioners' counsel has made all the necessary arrangements to visit Petitioner in Guantanamo Bay, Cuba on January 24-25, 2007 for the first time. Petitioners counsel cannot do so – and cannot even send an introductory letter to Petitioner – unless this Court grants the requested Protective Order. In their opposition brief ("Opp."), Respondents ask this Court to deny Petitioner's Motion for a Protective Order, and thereby delay Petitioner's communications with counsel

- 2 -

indefinitely.  Significantly, Respondents do not deny that Petitioner has an existing right to communicate with counsel.  Instead, Respondents contend that this Court lacks jurisdiction to enter the requested Protective orders under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X., 119 Stat. 2680 ("DTA") and the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), and that this mandates denial of the Protective Orders.

Your Honor and other judges in this District have rejected this identical jurisdictional argument time and time again, and have repeatedly entered the requested Protective Orders.  This Court should enter the Protective Orders for the reasons identified in Petitioners' opening brief and below.  Simply put, the jurisdictional effects, if any, of the DTA and MCA are currently under review by the Court of Appeals for the District of Columbia; whatever the Court of Appeals decides will not alter the fact that Petitioner requires – and *has* required for years now – access to counsel to advise him on the myriad legal issues arising from his lengthy confinement.  Whatever the outcome of the detainee cases now before the Court of Appeals, Petitioner requires counsel to, for example, prosecute this habeas petition or to challenge his incarceration through the DTA.  Petitioners therefore respectfully request that this Court enter the Protective Orders at this time, thereby permitting counsel to send an introductory letter to Petitioner Khaled Mallouh Shaye Algahtani and allowing counsel to meet with Petitioner as planned on January 24-25, 2007.

- 3 -

**ARGUMENT**

**I.     This Court Should Grant Petitioners' Motion for Protective Orders.**

In their opening brief, Petitioners sought entry of Protective Orders to facilitate communication with counsel. The principal argument set forth by Respondents in opposition to the motion is that this Court lacks jurisdiction to enter the Protective Orders under the DTA and MCA. *E.g.*, Opp. at 4-5. Respondents contend that the DTA vests the United States Court of Appeals for the District of Columbia Circuit with exclusive jurisdiction over appeals by prisoners from rulings of the administrative tribunals. Opp. at 4. This Court should reject this argument and grant the Protective Orders for either of the two reasons set forth below.

**A.     Respondents' Jurisdictional Objection Has Repeatedly Failed.**

Over the government's similar jurisdictional objections, Your Honor granted at least three requests for Protective Orders after the DTA's enactment on December 30, 2005. *See Al Subaie v. Bush*, 05-2216 (Docket No. 42) (order issued September 28, 2006); *Al Wirghi v. Bush*, 05-1497 (Docket No. 27) (order issued Sept. 28, 2006) *Al Darby v. Bush*, 05-2371 (Docket No. 12) (order issued July 3, 2006). The requested Protective Orders have been entered by other judges in this District, as well, in dozens of cases subsequent to the DTA's enactment. *See* Ex. A (listing 41 post-DTA protective orders).

Additionally, the requested Protective Orders have even been entered in a number of cases since the MCA's enactment on October 17, 2006. *Hentif v. Bush*, 06-1766 (Docket No. 5) (order issued November 21, 2006) (HHK); *Saleh v. Bush*, 06--1765 (order issued November 17, 2006) (HHK); *Feghoul v. Bush, et al.*, 06-618 (Docket No. 24)

(order issued October 31, 2006) (RWR); *Lal v. Bush*, 06-1763 (Docket No. 3) (order issued October 29, 2006) (CKK). As this litany of supporting orders makes plain, Your Honor and other judges in this District have routinely recognized that questions regarding the district court's jurisdiction, currently under review in the United States Circuit Court of Appeals for the District of Columbia, do not preclude district courts from issuing the requested Protective Orders, which uphold Petitioner's basic right to communicate with counsel.

For example, Judge Roberts explained the rationale for granting these Protective Orders after enactment of the DTA in *Feghoul*, 06-618 (Docket No. 24):

> Whether this Court or another has jurisdiction to determine the legality of petitioner's detention, and what the exact nature and scope of the proceedings by the court with jurisdiction should be, are legal questions that have not yet been resolved by the D.C. Circuit and will not be resolved here. Despite the lack of finality, it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right -- a meaningful communication with counsel regarding the factual basis of the petitioner's detention.

*Id.* at Docket No. 24, at 2-3.

Earlier this year in *Al Salami v. Bush*, 05-2452 (Docket No. 12), Judge Friedman came to the same conclusion:

> Central to the Protective Orders are their provisions for access to counsel. Detainees' right to meet with counsel under the Protective Order is independent of the (still-unresolved) question of the Court's jurisdiction to rule on their *habeas* petitions.

*Al Salami*, 05-2452 (Docket No. 12, at 1) (Protective Order entered April 13, 2006).

As Your Honor and your fellow judges have implicitly recognized, issuing these Protective Orders in no way infringes on the Court of Appeals' possible jurisdiction. Magistrate Judge Kay adopted this rationale in ruling on a motion seeking to compel the

government's compliance with the terms of a Protective Order that had been entered pre-DTA, and, in doing so, rejected the government's suggestion that issues related to counsel's access to their clients should be deferred:

> As an initial matter, the Court respectfully declines Respondents' invitation to defer ruling on Adem's motion pending resolution of the jurisdictional and retroactivity questions raised by the Detainee Treatment Act of 2005 . . . . The issues raised by Adem's motion seeking access to counsel pursuant to the Amended Protective Order do not implicate any of the jurisdictional questions currently pending in the D.C. Circuit and Supreme Court . . . .

*Adem v. Bush*, 05-723 (Docket No. 36, at 21, March 21, 2006), *appeal pending on separate, unrelated order docketed* June 16, 2006, 05-5228 (considering whether the court properly granted Petitioner's request to require Respondents to provide thirty days' notice prior to transferring Petitioner from Guantanamo Bay).

Tellingly, Respondents do not even address, much less attempt to distinguish, any of the orders cited above or in Petitioners' opening brief. Respondents offer no explanation why Your Honor should depart from prior orders in *Al-Wirghi*, *Al-Darby*, and *Al-Subai*. In fact, Respondents fail to cite a single order issued by Your Honor or any other judge in this District where a protective order was rejected based on the government's jurisdictional argument.

### B.     Respondents Do Not Dispute That Petitioner Has A Right to Counsel.

In their opening brief, Petitioners explained that they sought entry of the Protective Orders to protect Petitioners' right to access to counsel. Brf. at 5. Significantly, in their response, the government does not dispute that Petitioner Khaled Mallouh Shaye Algahtani has an existing right to communicate with counsel. *See* Opp. at 8. While urging this Court to deny the Protective Order and thereby bar counsel's

communication with Petitioner Khaled Mallouh Shaye Algahtani, Respondents then go on to state, incongruously, that they do not really mean to do this; Respondents state that they do not "*intend[]* to thwart altogether counsel access to petitioners." Opp. at 8 (emphasis added). The government's good or bad faith is not the test here; the sole issue is the effect of the government's proposed course of action, i.e., whether an individual who has been incarcerated for years will continue to be isolated from counsel.

The core of the issue is that Petitioner Khaled Mallouh Shaye Algahtani is in serious need of legal counsel now, has been since the day of his incarceration and will be for the foreseeable future. He needs legal advice whether or not the proceedings arise under the habeas corpus petition or the DTA. In either case, Petitioner requires advice of counsel with respect to the original "trial" proceedings, prior to any potential review in the Court of Appeals.

Further, even *if* the Court of Appeals -- and later the Supreme Court -- upholds the MCA, determines that its provisions are valid and retroactive, and concludes that the District Court lacks jurisdiction to hear cases like this one, Petitioner will require the assistance of counsel for at least two reasons. First, if charges are brought against him under the MCA, he is entitled to counsel to assist him in preparation for his trial before the military commission. *See* MCA Section 949c(b)(3) (authorizing civilian counsel to represent the accused before military commissions). Second, if charges are not brought against Petitioner, he will require the services of a lawyer to assist him in preparation of his appeal to the Court of Appeals for the District of Columbia Circuit to review the rulings in his CSRT hearing. These reviews by the Court of Appeals are provided for in Section 1005(e)(2) of the DTA, incorporated by reference in the MCA, Section 7(a)

—

(adding to 28 U.S.C. § 2241 new subsection (e)(2), which refers to DTA § 1005(e)(2) and (e)(3).))

Petitioner will also require legal counsel to analyze his other legal options related to his years of confinement, including, for example, whether to file a petition for a writ of mandamus to require Respondents to either bring charges against him under the MCA or release him and/or filing an action before an appropriate international tribunal to present whether Petitioner's continued indefinite confinement without a meaningful hearing as to whether there is a legal basis for holding him violates the United States government's commitments under international treaties.

## II.  Petitioners Consent to A Stay Of This Case Provided Petitioner Khaled Mallouh Shaye Algahtani Has Meaningful Access to Counsel and Emergency Access to This Court.

Respondents ask this Court to stay this case and either (i) order full briefing on the jurisdictional issue in this Court, or (ii) do nothing but await the Court of Appeals' ruling. Opp. at 9. Both approaches have the same fundamental flaw: they only further delay Petitioner Khaled Mallouh Shaye Algahtani's access to counsel – a right that Your Honor and numerous other judges in this District have repeatedly held to be worthy of recognition in the face of pending jurisdictional questions.

As an alternative, Petitioners would consent to entry of a stay in this case, but only if it would facilitate a meaningful attorney-client relationship between Petitioner Algahtani and his attorneys through (i) entry of the requested Protective Orders; and (ii) granting Petitioners' motion for factual returns (filed today). Petitioner also respectfully requests access to this Court for any emergency matters that may arise. This proposed order would (i) ensure that Petitioner can communicate immediately with counsel, and

- 8 -

provide counsel with the information necessary to provide basic legal advice; (ii) conserve this Court's (and the parties') resources and avoid wasteful and duplicative briefing of jurisdictional issues already pending in the Court of Appeals; and (iii) result in no prejudice to the government.

## CONCLUSION

For the foregoing reasons, Petitioner Khaled Mallouh Shaye Algahtani, by and through his next friend, Shabib Mallouh Shaye Algahtani, requests that the Protective Order be entered at this time in order to permit effective communication with counsel and facilitate the planned visit with Petitioner on January 24-25, 2007.

Dated: December 4, 2006                                Respectfully submitted

                                                              /s/ Jeffrey D. Colman
Jeffrey D. Colman
One of the Attorneys for Petitioners

Jeffrey D. Colman
Illinois Bar No. 491160
Matthew R. Devine
Illinois Bar No. 6282744
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
T: (312) 222-9350
F: (312) 527-0484
Email: jcolman@jenner.com

*Of Counsel*
Barbara Olshanksy (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

**CERTIFICATE OF SERVICE**

I certify that I caused a true and correct copy of the foregoing documents to be served by the ECF system upon the following registered participant this 4th day of December, 2006:

>James C. Luh
>U.S. Department of Justice
>20 Massachusetts Avenue, N.W.
>Washington, D.C. 20530

I certify that I caused a true and correct copy of the foregoing documents to be served by first-class United States Mail and electronic mail this 4th day of December, 2006, on the following persons:

>Terry Marcus Henry
>Andrew Warden
>Preeya Noronha
>U.S. Department of Justice, Civil Division
>20 Massachusetts Avenue, N.W.
>Washington, D.C. 20530

>  /s/ Jeffrey D. Colman_____
>Jeffrey D. Colman
>Illinois Bar No. 491160
>Jenner & Block LLP
>330 North Wabash Avenue
>Chicago, Illinois 60611-7603
>Tel: (312) 222-9350
>Fax: (312) 527-0484
>Email: jcolman@jenner.com

# EXHIBIT A

# **Guantánamo Habeas Protective Orders Entered Post-DTA**

1. Al-Sopai v. Bush, 05-cv-01667 (D.D.C. Jan. 4, 2006) (Walton)
2. Khiali-Gul v. Bush, 05-cv-00877 (D.D.C. Jan. 6, 2006) (Robertson)
3. Bostan v. Bush, 05-cv-00883 (D.D.C. Jan. 9, 2006) (Walton)
4. Mohammad v. Bush, 05-cv-00879 (D.D.C. Jan. 9, 2006) (Walton)
5. Wahab v. Bush, 05-cv-00886 (D.D.C. Jan. 10. 2006) (Sullivan)
6. Labed Ahmed v. Bush, 05-cv-01234 (D.D.C. Mar. 21, 2006) (Sullivan)
7. Almerfedi v. Bush, 05-cv-01645 (D.D.C. Mar. 6, 2006) (Friedman)
8. Razakah v. Bush, 05-cv-02370 (D.D.C. Mar. 17, 2006) (Sullivan)
9. Thabid v. Bush, 05-cv-02398 (D.D.C. Mar. 21, 2006) (Huvelle)
10. Ahmed v. Bush, 05-cv-01234 (D.D.C. Mar. 21, 2006) (Sullivan)
11. Awad v. Bush, 05-cv-02379, (D.D.C. Apr. 11, 2006) (Robertson)
12. Al Shareef v. Bush, 05-cv-02458 (D.D.C. Apr. 12, 2006) (Roberts)
13. Alsaaei v. Bush, 05-cv-02369 (D.D.C. Apr. 12, 2006) (Roberts)
14. Said v. Bush, 05-cv-02384 (D.D.C. Apr. 12, 2006) (Roberts)
15. Zadran v. Bush, 05-cv-02367 (D.D.C. Apr. 12, 2006) (Roberts)
16. Al Salami v. Bush, 05-cv-02452 (D.D.C. Apr. 13, 2006) (Friedman)
17. Faizullah v. Bush, 05-cv-01489 (D.D.C. April 21, 2006) (Urbina)
18. Sohail v. Bush, 05-cv-00993 (D.D.C. April 21, 2006) (Urbina)
19. Al-Ghizzawi v. Bush, 05-cv-02378 (D.D.C. June 2, 2006) (Bates)
20. Amon v. Bush, 05-cv-01493 (D.D.C. June 12, 2006) (Walton)
21. Nasrullah v. Bush, 05-cv-00891 (D.D.C. June 12, 2006) (Walton)
22. Al-Khalaqi v. Bush, 05-cv-00999 (D.D.C. June 15, 2006) (Walton)
23. Mohammon v. Bush, 05-cv-02386 (D.D.C. June 27, 2006) (Walton)
24. Haleem v. Bush, 05-cv-02376 (D.D.C. June 30, 2006) (Walton)
25. Al Darby v. Bush, 05-cv-02371 (D.D.C. July 3, 2006) (Lamberth)
26. Al Harbi v. Bush, 05-cv-02479 (D.D.C. July 5, 2006) (Kennedy)
27. Qasim v. Bush, 05-cv-01779 (D.D.C. July 20, 2006) (Bates)
28. Muhibullah v. Bush, 05-cv-00884 (D.D.C. Aug. 1, 2006) (Collyer)
29. Nabil v. Bush, 05-cv-01504 (D.D.C. Aug. 1, 2006) (Collyer)
30. Aboassy v. Bush, 05-cv-00748 (D.D.C. Aug. 1, 2006) (Collyer)
31. Bacha v. Bush, 05-cv-02349 (D.D.C. Aug. 4, 2006) (Collyer)
32. Amin v. Bush, 05-cv-02336 (D.D.C. Sept. 18, 2006) (Friedman)
33. Razak v. Bush, 05-cv-01601 (D.D.C. Sept. 19, 2006) (Kessler)
33. Al Subaie v. Bush, 05-cv-02216 (D.D.C. Sept. 28, 2006) (Lamberth)
34. Al Wirghi v. Bush, 05-cv-01497 (D.D.C. Sept. 28, 2006) (Lamberth)
35. Al-Baidany v. Bush, 05-cv-02380 (D.D.C. Oct. 4, 2006) (Kollar-Kotelly)
36. Moosa v. Bush, 06-cv-01686 (D.D.C. Oct. 4, 2006) (Kollar-Kotelly)
37. Kabir v. Bush, 05-cv-01704 (D.D.C. Oct. 11, 2006) (Robertson)
38. Lal v. Bush, 06-cv-01763 (D.D.C. Oct. 29, 2006) (Kollar-Kotelly)
39. Feghoul v. Bush, 06-cv-00618 (D.D.C. Oct. 31, 2006) (Roberts)
40. Saleh v. Bush, 06-cv-01765 (D.D.C. Nov. 17, 2006) (Kennedy)
41. Hentif v. Bush, 06-cv-01766 (D.D.C. Nov. 21, 2006) (Kennedy)