**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KHALED MALLOUH SHAYE ALGAHTANI,) <br> by and through his Next Friend SHABIB   ) <br> MALLOUH SHAYE ALGAHTANI,              ) <br>     Riyadh, Saudi Arabia                         ) <br>                                                                ) <br> *Petitioners*,                                            ) <br>                                                                ) <br>     v.                                                        ) <br>                                                                ) <br> GEORGE W. BUSH, DONALD RUMSFELD,) <br> REAR ADM. HARRY B. HARRIS, JR.,       ) <br> ARMY COL. WADE F. DAVIS,                  ) <br>                                                                ) <br> *Respondents*.                                         ) | No. 1:06-cv-01769 RCL |

### PETITIONERS' MOTION FOR AN ORDER TO SHOW CAUSE

Petitioner Khaled Mallouh Shaye Algahtani, by and through his next friend, Shabib Mallouh Shaye Algahtani and their counsel, request this Court to issue an order directing Respondents to explain in writing within 7 days why they are continuing to detain Petitioner Khaled Mallouh Shaye Algahtani in the Guantánamo Bay detention facility, including but not limited to the unredacted "factual returns" which resulted from hearings regarding Petitioner before the Combatant Status Review Tribunal (CSRT) and Administrative Review Board (ARB).

As set forth more fully in the accompanying memorandum of law, Petitioners' counsel are informed and believe that Respondents have detained Petitioner Khaled Mallouh Shaye Algahtani for approximately four years, have evaluated his status, and have held hearings as to Petitioner Khaled Mallouh Shaye Algahtani before a CSRT, which has resulted in the preparation of what is known as the "factual return," or record of the hearing.

Counsel is mindful of the fact that Your Honor recently denied a similar motion without prejudice in *Al Subai, et al. v. Bush, et al.,* Case No. 05-2216 (Docket No. 42), pending resolution of certain issues now on appeal. For the reasons set forth in the accompanying Memorandum of Law and Declaration of counsel, we respectfully request that Your Honor revisit this issue. In sum, as counsel states in his Declaration (at Ex. A), access to the factual return is important to the establishment of an attorney-client relationship with Petitioner and is essential to counsel's effort to file a response to the ARB.

In accordance with Local Civ. R. 7(m), counsel for Petitioners discussed this motion with counsel for Respondents by telephone on November 30, 2006, and counsel for Respondents confirmed that Respondents object to the relief sought herein. Pursuant to Local Civ. R. 7(c), a proposed order is attached as Ex. B.

Dated: December 4, 2006                                Respectfully submitted

                                                                   /s/ Jeffrey D. Colman
                                                                   Jeffrey D. Colman
                                                                   One of the Attorneys for Petitioners

Jeffrey D. Colman
Illinois Bar No. 491160
Matthew R. Devine
Illinois Bar No. 6282744
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
T: (312) 222-9350
F: (312) 527-0484
Email: jcolman@jenner.com

*Of Counsel*
Barbara Olshanksy (BO3635)
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALED MALLOUH SHAYE ALGAHTANI,) <br> by and through his Next Friend SHABIB ) <br> MALLOUH SHAYE ALGAHTANI, ) <br>     Riyadh, Saudi Arabia ) <br> ) <br> *Petitioners,* ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, DONALD RUMSFELD,) <br> REAR ADM. HARRY B. HARRIS, JR., ) <br> ARMY COL. WADE F. DAVIS, ) <br> ) <br> *Respondents*. ) | No. 1:06-cv-01769 RCL |

**MEMORANDUM OF LAW
IN SUPPORT OF PETITIONERS' MOTION FOR AN ORDER TO SHOW CAUSE**

Petitioner Khaled Mallouh Shaye Algahtani, by and through his next friend, Shabib Mallouh Shaye Algahtani and their counsel, have moved this Court to issue an order requiring Respondents to explain in writing why they are continuing to detain Petitioner Khaled Mallouh Shaye Algahtani in the Guantánamo Bay detention facility, including but not limited to (i) the unredacted so-called "factual returns" which resulted from hearings regarding Petitioner Khaled Mallouh Shaye Algahtani before the Combatant Status Review Tribunal (CSRT); and (ii) any record of proceedings before the Administrative Review Board (ARB). Petitioners request that this Court order Respondents to provide the returns within 7 days.

Petitioners' counsel is aware that Your Honor recently denied a motion for factual returns without prejudice in *Al Subai, et al. v. Bush, et al.,* Case No. 05-2216 (Docket No. 42), pending the outcome of certain matters under review by the Circuit Court of Appeals for the District of Columbia. However, counsel respectfully requests that Your Honor revisit this issue for the reasons identified below. In Section I, Petitioners set forth relevant background facts. As Your

3

Honor will see, counsel have made all necessary arrangements to visit Petitioner for the first time at Guantanamo Bay in late January, 2007. The factual returns will materially assist counsel in preparing for that visit, evaluating Petitioner's legal options and developing a meaningful attorney-client relationship with Petitioner. In Section II, Petitioners' counsel demonstrate that this Court should grant the motion for factual returns as a necessary companion to Petitioners' pending motion for protective orders. The motions are interrelated: while the Protective Order facilitates communication between counsel and detainee, the factual returns provide counsel with the tools to render those communications legally meaningful by providing the government's version of its purported basis (or bases) for detaining Petitioner. Counsel also need these materials in order to prepare their response to the ARB.

**I.   STATEMENT OF FACTS**

Petitioners Khaled Mallouh Shaye Algahtani and Shabib Mallouh Shaye Algahtani are brothers and citizens of Saudi Arabia. On information and belief, Khaled Mallouh Shaye Algahtani is presently incarcerated at Guantánamo and has been held virtually *incommunicado* in Respondents' custody and control for approximately four years. On October 16, 2006, Petitioners, by their attorneys, filed a Petition for Writ of *Habeas Corpus* (the "Petition") in this Court. (Docket No. 1.) Shabib Mallouh Shaye Algahtani brought the petition as Khaled Mallouh Shaye Algahtani's next friend.

The Petition contests both the fact of Petitioner Khaled Mallouh Shaye Algahtani's incarceration as well as his inhumane treatment in violation of the Constitution and laws of the United States, the Uniform Code of Military Justice, specified treaties to which the United States is a party, and various principles of international law, as set forth more fully in the Petition, at Docket No. 1. The original petition in this case was served on the United States Attorney on

October 16, 2006. Service also was effected the same day through certified mail, pursuant to Fed. R. Civ. P. 4(i)(1)(B), on the United States Attorney General. Trial Attorney Andrew I. Warden of the Federal Programs Branch of the United States Department of Justice's Civil Division, who is coordinating all of the parallel Guantánamo Bay cases for the Respondents, was sent an electronic PDF copy of the Petition on October 17, 2006. Each Respondent was also individually served by U.S. certified mail.

Pursuant to 28 U.S.C § 2243, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." No return has yet been filed and Respondents have not requested additional time.

On information and belief, Respondents' agents have interrogated Petitioners on numerous occasions and are well aware of the reasons why Petitioners are being held in prison. Respondents have acknowledged that the Department of Defense completed so-called "military tribunal" hearings at which each detainee's "enemy combatant" status and their detention generally were reviewed. *See* "U.S. Says 3 at Guantánamo Not Enemy Combatants," *Reuters*, Feb. 3, 2005 ("The status hearings before panels of three military officers were finished at Guantánamo before" January 31, 2005, Pentagon Spokesman Lt. Cmdr. Daryl Borgquist is quoted as saying, and that "[i]t's a matter of processing the paperwork now because the tribunals have all occurred.").

Petitioners' counsel have taken the steps necessary to review the unredacted factual returns in the event that this Court orders their production. <u>First</u>, Petitioners' counsel Jeffrey D. Colman has the security clearance necessary to review the factual returns.[1] <u>Second</u>, Petitioners filed a motion for a protective order on November 10, 2006, which – if approved by Your Honor

---

[1] Petitioners' counsel Matthew R. Devine applied for security clearance on October 30, 2006; this application remains pending.

– would set the guidelines for any review of the factual returns. (Docket No. 3.) (The motion for a protective order is fully briefed as of today.)

Petitioners' counsel hope to obtain and review these factual returns prior to their first trip to meet with Petitioner Khaled Mallouh Shaye Algahtani in Guantánamo Bay, Cuba, which is tentatively scheduled for January 24-25, 2007. Based on his experience with other Guantánamo prisoners, Petitioners' counsel, Jeffrey D. Colman, states that the factual returns are vital to the development of a meaningful attorney-client relationship with Petitioner and to the provision of sound legal advice. (Ex. A, §§6-7) (Declaration of Petitioners' counsel Jeffrey D. Colman).

Petitioners' counsel have arranged for a translator to accompany them, and have purchased airplane tickets. Also, Petitioners' counsel have submitted the required application to the United States Justice Department for approval of their visit, and Mr. Colman has had preliminary discussions about the visit with Mr. Warden of the Federal Programs Branch.

**II.     The Court Should Order the Government to Explain in Writing Why They Continue To Detain Petitioner.**

Pursuant to 28 U.S.C. § 2243, "a court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Further, Respondents have agreed that "§ 2241 and its companion provisions [including § 2243] provide at least a skeletal outline of the procedure to be afforded a petitioner in federal *habeas* review." *Hamdi v. Rumsfeld,* No. 03-6696, 542 U.S. 507, 124 S.Ct. 2633, 2644 (2004). .

The effects of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X., 119 Stat. 2680 ("DTA") and the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA") on pending habeas cases have yet to be determined. However, the consideration

and interpretation of the DTA and MCA does not pose an obstacle to this Court ordering a factual return in this case. The DTA sets forth procedures under which prisoners at Guantánamo have the opportunity to challenge their enemy combatant status determinations. The Guantánamo prisoners have been guaranteed the right to present their claims on appeal even under the narrow provisions of the DTA, hence they have a concomitant right of access to counsel. *Cf. Al Odah v. U.S.*, 346 F. Supp. 2d 1, 5-8 (D.D.C.. 2004) (CKK). In *Al Odah*, Judge Kollar-Kotelly found "that Petitioners cannot be expected to exercise" their "right" to pursue legal proceedings "without the assistance of counsel." *Id.* at 8. Judge Kollar-Kotelly observed that access to counsel was absolutely necessary in order to allow Petitioners any meaningful opportunity to "grapple with the complexities of a foreign legal system." *Id.* at 8. Therefore, even if it is eventually determined that the DTA precludes habeas jurisdiction in this Court, Petitioners' undersigned lawyers still need the factual return to represent Petitioners in the proceedings provided by the DTA.

In further support of the accompanying Motion, Petitioners' hereby adopt and incorporate the legal arguments set forth in their opening memorandum in support of their Motion for Entry of a Protective Order (Docket No. 3, at 3-6) and in their reply brief in support of that motion (filed today).

Petitioners' counsel is aware that Your Honor recently stayed *Al Subai, et al. v. Bush, et al.,* Case No. 05-2216 (Docket No. 42) pending resolution of all appeals in *Khalid v. Bush, Boumediene v. Bush*, Nos. 04-1142 (RJL), 04-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), *appeals docketed*, Nos. 05-5062, 05-5063 (D.C. Cir. March 2, 2005), and *In re Guantanamo Detainee Cases*, No. 02-0299, *et al.*, 355 F. Supp. 2d 443 (D.D.C. 2005), *appeal on petition for interlocutory appeal*, No. 05-5064 (D.C. Cir. March 10, 2005). As part of Your Honor's Order

in *Al Subai*, Your Honor denied Petitioners' motion for factual returns without prejudice to renew the motion after the stay is lifted. (Docket No. 42, at 2.) In the same Order, Your Honor granted Petitioner's motion for a protective order. (Docket No. 42, at 1.)

Counsel respectfully requests that Your Honor revisit the rationale behind the *Al Subai* Order. The same purpose underlies both the Protective Order (granted in *Al-Subai*) and the Motion for Factual Returns (denied without prejudice in *Al-Subai*): facilitating a meaningful attorney-client relationship between Petitioner and counsel rooted in trust and confidence. (Ex. A, §§6-8) (Decl. of Jeffrey D. Colman). To be meaningfully developed, the attorney-client relationship requires both communication (the Protective Orders) and information about the Petitioners' case in the possession of the government (the factual returns). (Ex. A, §§6-8.) Mr. Colman has spent eight (8) days at Guantanamo Bay this year meeting with two other detainee clients. Prior to visiting them, Mr. Colman reviewed their factual returns in both the redacted and the unredacted forms. Mr. Colman states that the factual returns were invaluable in developing a meaningful attorney-client relationship with both men, and assisted him materially in his provision of legal advice. (Ex. A, at §7.) Even if communication is possible under the Protective Orders, absence of the factual returns impairs counsel's ability to provide meaningful legal advice to the client.

> In my experience, the development of a meaningful attorney-client relationship with a Guantanamo detainee presents problems and barriers I have never before confronted. Their almost total isolation from family, from counsel and from the outside world creates a wall of loneliness, despair and distrust. Language and culture differences pose additional burdens. Despite the best efforts of counsel and the commitment of the judges on the District Court, the Court of Appeals and the Justices of the United States Supreme Court, there is at this time no established "rule of law" that provides a safety net for Guantanamo prisoners. For over four years now, the government has contended that this Court lacks jurisdiction to hear the cases of Guantanamo detainees. To this date, the government persists in making that argument. The consequence -- for many men held captive at

> Guantanamo -- is that they despair of any hope of relief in the courts. My sincere and considered professional judgment, based on 33 years' experience as a practicing attorney, is that establishment of a meaningful attorney-client relationship with Petitioner Khaled Mallouh Shaye Algahtani will be very difficult under any circumstances and even more difficult without access to the unredacted factual returns.

(Ex. A, at §8.)  Moreover, in this case, Petitioners seek the factual returns for a concrete legal purpose: to file a response to the ARB. (Ex. A, at §7.)

Petitioners' lawyers have seen orders of the kind sought in this motion entered in more than twenty cases by several other judges of this District, including, for example, the following orders granting similar relief. *E.g., El Banna et al. v. Bush*, No. 04-CV-1144 (D.D.C. April 8, 2005) (RWR); *Al-Badah, et al. v. Bush, et al.,* No. 05-1641 (D.D.C. October 19, 2005) (CKK); *Amir, et al. v. Bush, et al.*, No. 05-1724 (D.D.C. October 5, 2005) (RMU).

Because the Respondents have had years to evaluate the "enemy combatant" status of Petitioners, and to review evidence relating to why Petitioners are still detained, Respondents should not need more than 7 days to provide the requested explanation as to why they are continuing to detain Petitioners and to provide the unredacted factual returns.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Petitioners' motion to require the government to explain in writing within 7 days why they are continuing to detain Petitioner Khaled Mallouh Shaye Algahtani in the Guantánamo Bay detention facility, including but not limited to the unredacted "factual returns" which resulted from hearings regarding Petitioner before the Combatant Status Review Tribunal (CSRT) and the Administrative Review Board (ARB).

Dated: December 4, 2006            Respectfully submitted

                                                 /s/ Jeffrey D. Colman_____
Jeffrey D. Colman
Illinois Bar No. 491160
Matthew R. Devine
Illinois Bar No. 6282744
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
T: (312) 222-9350
F: (312) 527-0484
Email: jcolman@jenner.com

*Of Counsel*
Barbara Olshanksy (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing documents to be served by the ECF system upon the following registered participant this 4th day of December, 2006:

>James C. Luh
>U.S. Department of Justice
>20 Massachusetts Avenue, N.W.
>Washington, D.C. 20530

I certify that I caused a true and correct copy of the foregoing documents to be served by first-class United States Mail and electronic mail this 4th day of December, 2006, on the following persons:

>Terry Marcus Henry
>Andrew Warden
>Preeya Noronha
>U.S. Department of Justice, Civil Division
>20 Massachusetts Avenue, N.W.
>Washington, D.C. 20530

>  /s/ Jeffrey D. Colman
>Jeffrey D. Colman
>Illinois Bar No. 491160
>Jenner & Block LLP
>330 North Wabash Avenue
>Chicago, Illinois 60611-7603
>Tel: (312) 222-9350
>Fax: (312) 527-0484
>Email: jcolman@jenner.com

CHICAGO_1478453_1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KHALED MALLOUH SHAYE ALGAHTANI,)
by and through his Next Friend SHABIB )
MALLOUH SHAYE ALGAHTANI, )
    Riyadh, Saudi Arabia )
     )
*Petitioners,* )
     ) No. 1:06-cv-01769 RCL
v. )
     )
GEORGE W. BUSH, DONALD RUMSFELD,)
REAR ADM. HARRY B. HARRIS, JR., )
ARMY COL. WADE F. DAVIS, )
     )
*Respondents.* )

## DECLARATION OF JEFFREY D. COLMAN

I, Jeffrey D. Colman, declare as follows:

1.    This declaration is submitted in support of the Motion filed by Petitioners Khaled Mallouh Shaye Algahtani and Shabib Mallouh Shaye Algahtani for an order to show cause, dated December 4, 2006.

2.    I am an attorney licensed to practice in Illinois and California, and a partner in the Chicago office of Jenner & Block LLP. I was admitted to the practice of law in California in 1973 and in Illinois in 1975. I have practiced law at Jenner & Block since 1975. I specialize in civil and criminal litigation. I am a member of the American College of Trial Lawyers, and I have served the Illinois Supreme Court as a member of its Committee on Pattern Jury Instructions in Criminal Cases and as a member and chairperson of its Committee on the Representation of Death Row Inmates in Post-Conviction Proceedings. Among others, I have represented major corporations, their officers and directors, government agencies, elected state,

federal and local officials, law firms throughout the United States, scores of indigents in pro bono criminal proceedings and men on death row in Illinois and Georgia.

3.  In September 2006, I agreed with Ms. Susan Hu of the Center for Constitutional Rights in New York City that, with my associate Matthew R. Devine of Jenner & Block LLP, I would undertake the representation of Petitioners, without charge, in connection with their Petition for a Writ of Habeas Corpus entitled *Algahtani, et al. v. Bush, et al.*, No. 1:06-cv-01769, pending in the District Court for the District of Columbia before Hon. Royce C. Lamberth. On October 16, 2006, we filed a Petition for a Writ of Habeas Corpus on behalf of Petitioners. (Docket No. 1.) On November 11, 2006, we filed a Motion for a Protective Order on behalf of Petitioners. (Docket No. 3.) That Motion remains pending before Your Honor.

4.  I have made personal and professional arrangements necessary to visit Petitioner Khaled Mallouh Shaye Algahtani at Guantanamo Bay, Cuba on January 24-25, 2007, and will do so if this Court grants Petitioners' Motion for a Protective Order. (*See* Docket No. 3.) I have received the necessary security clearance. My colleague, Mr. Devine, has applied for the requisite security clearance. His application is pending.

5.  My purpose in visiting Petitioner Khaled Mallouh Shaye Algahtani in the Guantanamo Bay facility is to consult with him face-to-face regarding his detention, and to advise him how to best proceed in order to try to obtain release from custody, either through this habeas corpus proceeding, through the procedures being put in place by the Department of Defense in accordance with the Detainee Treatment Act or through some other lawful mechanism.

6.  For my communication with my client to be meaningful and productive in an attorney-client context, it is important that I review the unredacted factual returns resulting from

his hearing before the CSRT and the proceedings before the Administrative Review Board (ARB) prior to visiting my client at Guantanamo Bay, Cuba.

7. I have had two other clients at Guantanamo Bay, Cuba: Anwar Al Nour (Al Shimmiri), Case No. 05-1669 (RWR), and Fahd bin Salih bin Sulaiman Al-Jutaili, Case No. 05-2384 (RWR). Earlier this year, I spent four days meeting with each client at Guantanamo Bay. Prior to visiting Messrs. Al Nour (Al-Shimmiri) and Al-Jutaili, I reviewed their unredacted factual returns. The information provided by the returns was invaluable in helping me to establish attorney-client relationships grounded in trust and confidence. Additionally, the information contained in the unredacted factual returns was vital to my consideration of my clients' legal options, to the advice that I gave both of them about how to proceed, to the decisions that were ultimately made and to the written responses I made to the ARB on their behalf. While I do not know the inner workings of the ARBs or the Department of Defense, I do know that Mr. Al-Jutaili was released from Guantanamo Bay after I filed a response for him with the ARB. It is our desire to file an ARB response for Mr. Algahtani. In order to do so, we need access to the factual returns.

8. In my experience, the development of a meaningful attorney-client relationship with a Guantanamo detainee presents problems and barriers I have never before confronted. Their almost total isolation from family, from counsel, and from the outside world creates a wall of loneliness, despair and distrust. Language and cultural differences pose additional burdens. Despite the best efforts of counsel and the commitment of the judges on the District Court, the Court of Appeals and the Justices of the United States Supreme Court, there is at this time no established "rule of law" that provides a safety net for Guantanamo prisoners. For over four years now, the government has contended that this Court lacks jurisdiction to hear the cases of

Guantanamo detainees. To this date, the government persists in making that argument. The consequence -- for many men held captive at Guantanamo -- is that they despair of any hope of relief in the courts. My sincere and considered professional judgment, based on 33 years' experience as a practicing attorney, is that establishment of a meaningful attorney-client relationship with Petitioner Khaled Mallouh Shaye Algahtani will be very difficult under any circumstances and even more difficult without access to the unredacted factual returns.

9. To properly prepare for our planned January 2007 visit, Mr. Devine and I seek access to Petitioner Khaled Mallouh Shaye Algahani's unredacted factual returns as soon as possible, preferably within 7 days, so that we may thoroughly review and evaluate them prior to our visit.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing statements are true and correct. Executed on December 4, 2006.

_____
Jeffrey D. Colman

4

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALED MALLOUH SHAYE ALGAHTANI,)<br>by and through his Next Friend SHABIB )<br>MALLOUH SHAYE ALGAHTANI, )<br>   Riyadh, Saudi Arabia )<br> )<br>*Petitioners,* )<br> )<br>   v. )<br> )<br>GEORGE W. BUSH, DONALD RUMSFELD,)<br>REAR ADM. HARRY B. HARRIS, JR., )<br>ARMY COL. WADE F. DAVIS, )<br> )<br>*Respondents.* ) | No. 1:06-cv-01769 RCL |

**ORDER**

This matter coming before the Court on Petitioners' Motion for an Order to Show Cause, with good cause having been shown and the Court being fully advised in the premises, it is hereby ORDERED that the government to explain in writing within 7 days why they are continuing to detain Petitioner Khaled Mallouh Shaye Algahtani in the Guantánamo Bay detention facility, including but not limited to the unredacted "factual returns" which resulted from hearings regarding Petitioner before the Combatant Status Review Tribunal (CSRT) and the Administrative Review Board (ARB).

DATED:_____        ENTERED:_____
                                                                                      United States District Judge